UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-00677-KK-DTBx** | Date: | December 8, 2025 |
|---|---|---|---|
| Title: | *Ashley Anne Hobbins v. Desert Community College District et al.* | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):

None Present                                           None Present

**Proceedings:**    **(In Chambers) Order re Supplemental Briefing**

## I.
## PROCEDURAL BACKGROUND

On July 29, 2024, plaintiff Ashley Anne Hobbins ("Plaintiff") filed the operative First Amended Complaint ("FAC") against defendants Desert Community College District, Sarah Fry, Dorothy Seitz, Carlos Maldonado, and Monica Camargo ("Defendants"), asserting the following eight causes of action:

1. **Cause of Action One:** Violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq.;
2. **Cause of Action Two:** Violations of Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794 et seq.;
3. **Cause of Action Three:** Violations of the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54.1 et seq.;
4. **Cause of Action Four:** Civil Action for Deprivation of Rights, 42 U.S.C. § 1983 et seq. ("Section 1983");
5. **Cause of Action Five:** Intentional Infliction of Emotional Distress;
6. **Cause of Action Six:** Negligent Infliction of Emotional Distress;
7. **Cause of Action Seven:** Breach of Contract; and
8. **Cause of Action Eight:** Breach of Fiduciary Duty.

ECF Docket No. ("Dkt.") 12, FAC.

On August 28, 2024, Defendants filed an Answer to the FAC.  Dkt. 14.

On November 6, 2025, Defendants filed five motions in limine.  Dkts. 41-45.

In Motion in Limine No. 3 ("Motion"), Defendants move for dismissal of Plaintiff's claims under the ADA, Section 504, Section 1983, and state law pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing for the first time Defendants are entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution and statutory immunity under Cal. Gov. Code § 815.  Dkt. 43, Motion ("Mot.").[1]

On November 13, 2025, Plaintiff filed an Opposition to Defendants' Motion, arguing Defendants have waived their Eleventh Amendment sovereign immunity and the Eleventh Amendment does not apply to Plaintiff's claims under the doctrine of congressional abrogation and the Ex parte Young exception to sovereign immunity.  Dkt. 52, Opposition.  Plaintiff also argues Cal. Gov. Code § 815 does not bar her state law claims.  Id.

## II.
## DISCUSSION

### A.    PLAINTIFF'S SECTION 1983 CLAIM APPEARS SUBJECT TO DISMISSAL

As an initial matter, Defendants' Motion does not address Plaintiff's Section 1983 claim, and neither party has addressed whether such claim is actionable.  Section 1983 "allows individuals to enforce rights contained in the United States Constitution and defined by federal law."  Vinson v. Thomas, 288 F.3d 1145, 1155 (9th Cir. 2002).  "An alleged violation of federal law may not be vindicated under § 1983, however, where . . . Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme."  Id. (quoting Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995)).

---

[1] The Court notes Defendants belatedly filed the Motion over a year after filing their Answer and over three months after the motion hearing cut-off set by the Court's Civil Trial Scheduling Order.  See dkt. 22.  Accordingly, the Court construes the Motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).  The Court further notes Defendants make several misstatements of the law in the Motion.  For example, Defendants cite and apply the five-factor test from Mitchell v. Los Angeles Cmty. Coll. Dist., 861 F.2d 198 (9th Cir. 1989) for determining whether a government agency is an arm of the state entitled to sovereign immunity.  Mot. at 6-7.  However, the Ninth Circuit expressly abrogated the Mitchell test and announced a new framework for determining if an agency is an arm of the state in Kohn v. State Bar of Cal., 87 F.4th 1021 (9th Cir. 2023).  Similarly, Defendants contend California Government Code Section 815 extends immunity to both public entities and public employees in California.  Mot. at 8.  However, that provision applies only to public entities.  See Cal. Gov. Code § 815.  **The Court expects Defendants to make accurate statements of facts and law in subsequent filings and representations to the Court and expressly warns Defendants that further misrepresentations to the Court may result in sanctions**.  See Fed. R. Civ. P. 11(c).

Here, Plaintiff's Section 1983 claim is premised upon rights arising under Title II of the ADA, Section 504 of the Rehabilitation Act, and the CDPA.  See FAC ¶¶ 133-37.  With respect to Title II of the ADA and Section 504, the Ninth Circuit has held that the comprehensive remedial schemes of both statutes bar Section 1983 claims predicated upon alleged violations of those statutes.  See Vinson, 288 F.3d at 1156; accord Hills v. Cal. Dep't of Health and Hum. Servs., 59 F. App'x 995, 996 (9th Cir. 2003).  With respect to the CDPA, "Section 1983 requires [Plaintiff] to demonstrate a violation of federal law, not state law."  Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007).  Therefore, it appears Plaintiff's Section 1983 claim is not actionable and subject to dismissal.

## B.   ELEVENTH AMENDMENT SOVEREIGN IMMUNITY

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  Aholelei v. Dep't of Pub. Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  "Eleventh Amendment immunity is an affirmative defense that must be raised early in the proceedings to provide fair warning to the plaintiff."  Id. (citation modified).  "Express waiver is not required; a state 'waive[s] its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity.'"  Id. (citation modified).  With respect to Section 504 claims, "States are subject to suit in federal court . . . if they accept federal Rehabilitation Act funds."  Vinson, 288 F.3d at 1151.

Further, Congress can abrogate a State's sovereign immunity if it "(1) 'makes its intention to abrogate unmistakably clear in the language of the statute' and (2) 'acts pursuant to a valid exercise of its power under § 5 of the Fourteenth Amendment.'"  Kohn v. State Bar of Cal., 119 F.4th 693, 696 (9th Cir. 2024) (quoting Nev. Dep't of Hum. Res. v. Hibbs, 538 U.S. 721, 726 (2003)).  To determine whether Congress has abrogated a State's sovereign immunity with respect to claims arising under Title II of the ADA, courts evaluate, on a claim-by-claim basis, "(1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid."  Id. at 698-99 (quoting United States v. Georgia, 546 U.S. 151, 159 (2006)).

Finally, under Ex parte Young, 209 U.S. 123 (1908), "the Eleventh Amendment does not bar an action seeking prospective relief against a state official for a violation of federal law."  R.W. v. Columbia Basin Coll., 77 F.4th 1214, 1220 (9th Cir. 2023).  "For a suit to proceed under Ex parte Young, the plaintiff must allege—not prove—an ongoing violation of federal law for which she seeks prospective injunctive relief."  Id. at 1221.

Here, Plaintiff's state law claims appear to be barred by the Eleventh Amendment.  However, Defendants do not address whether they have waived Eleventh Amendment immunity by, among other things, failing to raise it as an affirmative defense in their Answer, see dkt. 14.  Additionally, Defendants do not address whether Congress has abrogated their sovereign immunity with respect to Plaintiff's ADA claim or whether Plaintiff's claims for injunctive relief may proceed under the Ex parte Young exception to the Eleventh Amendment.  Defendants are, therefore, ordered to file supplemental briefing as set forth below.

///

# III.
# CONCLUSION

Accordingly, Plaintiff is **ORDERED** to show cause in writing why her Section 1983 claim is not subject to dismissal. Plaintiff's brief shall be filed **no later than December 12, 2025**. Plaintiff is specifically warned that failure to file a timely brief will result in her Section 1983 claim being dismissed.

In addition, Defendants are **ORDERED** to file supplemental briefing addressing whether the Eleventh Amendment bars Plaintiff's claims, specifically: (1) whether Defendants have waived Eleventh Amendment immunity, (2) whether Congress has abrogated Defendants' sovereign immunity with respect to Plaintiff's ADA claim, and (3) whether Plaintiff's claims for injunctive relief may proceed under the Ex parte Young exception to sovereign immunity. Defendants' supplemental briefing shall be filed **no later than December 12, 2025**. Plaintiff may file a Response to Defendants' supplemental briefing **no later than December 17, 2025**.

Each party's supplemental briefing shall not exceed ten (10) pages, exclusive of exhibits. The parties are expressly warned that failure to comply with this Order will result in monetary sanctions and may result in additional sanctions, including vacating of the trial date and/or dismissal for failure to comply with Court orders.

**IT IS SO ORDERED**.